UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EARL GOODWINE,

                Plaintiff,

-against-

AMTRAK,

                Defendant.

19-CV-2599 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Amtrak failed to redact documents it had obtained during previous litigation. By order dated March 26, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff filed a case in New York State Supreme Court, Queens County, against the National Railroad Passenger Corporation (Amtrak) and New Jersey Transit (NJT). In that pleading, Plaintiff alleged that he had been falsely arrested in New York's Pennsylvania Station in 2010. Amtrak and NJT removed the matter to the United States District Court for the Eastern District of New York, and it was later dismissed. *See Goodwine v. Nat'l R.R. Passenger Corp.*, No. 12-CV-3882 (E.D.N.Y. July 28, 2014) (granting Defendants' motion to dismiss for failure to prosecute) (*Goodwine I*), No. 14-3412 (2d Cir. Feb. 11, 2015) (dismissing appeal as lacking an arguable basis in law or fact). On July 21, 2017, Plaintiff filed in *Goodwine I* "an injunction to compel having social, medical, picture, criminal record sealed & deposition nulled." (No. 12-CV-3882, ECF No. 325). The court denied that motion because the case was closed, Plaintiff was seeking relief "far too late," and because some of his claims were "incomprehensible." (*Id.* No. 326).

Thereafter, Plaintiff filed another case against Amtrak and NJT in the Eastern District of New York. In that complaint, Plaintiff alleged that Defendants violated his constitutional rights and caused him emotional distress by obtaining and using his medical information in *Goodwine I*. *See Goodwine v. NJT*, No. 17-CV-4528 (E.D.N.Y. Aug. 9, 2017) (dismissing complaint on *res judicata* grounds because Plaintiff had essentially "recycled" the allegations in the motion for an injunction that he had filed in *Goodwine I*) (*Goodwine II*).

Plaintiff now brings this complaint against NJT and Amtrak, alleging that in *Goodwine I*, Defendants "failed to redact my social [sic] on their documents, unjustifiably posted my medicals without any authorization, submitted misleading statements & committed other immoral wrongs." (ECF. No. 2 at 10.)

**DISCUSSION**

The doctrine of claim preclusion, also known as *res judicata*, limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The doctrine applies in a later litigation "if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) [the earlier decision] involved the same parties or their privies, and (4) [the earlier decision] involved the same cause of action." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011) (internal quotation marks and citation omitted, first alteration in original).

"[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (internal quotation marks and citations omitted). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). And "a dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has *res judicata* effects.'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). The Court may, on its own initiative, raise the issue of claim or issue preclusion. *See, e.g.*, *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to

raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

Plaintiff is attempting to raise claims and issues that he raised in his previous litigation that were adjudicated on the merits, or claims that he could have brought in that litigation. *See Scherer v. Equitable Life Assurance Soc'y of U.S.,* 347 F.3d 394, 398 n.4 (2d Cir. 2003) ("[A] court is free to raise [the issue of *res judicata*] *sua sponte.*"). Because of *Goodwine I* and *Goodwine II*, Plaintiff is well-acquainted with the doctrine of claim preclusion. Accordingly, there is no need for the Court to explain the doctrine here. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) ("[W]hen a court considers whether to withdraw a *pro se* litigant's special status, it should consider not only that litigant's lifetime participation in all forms of civil litigation, but also his experience with the particular procedural setting presented.").

This action is dismissed for failure to state a claim on which relief can be granted.

## DENIAL OF LEAVE TO AMEND AND WARNING

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because, the defects in Plaintiff's submission cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

In light of Plaintiff's litigation history, the Court finds that Plaintiff was or should have been aware that his claims lacked merit when he filed them. *See Sledge*, 564 F.3d at 109-110. Plaintiff is thus warned that further duplicative or frivolous litigation in this Court may result in an order barring him from filing new actions *in forma pauperis* unless he receives prior permission. *See* 28 U.S.C. § 1651.

4

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 15, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge