UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EARL GOODWINE,

                Plaintiff,

      -against-

AMTRAK,

                Defendant.

19-CV-2599 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed this action *pro se*. On April 15, 2019, the Court dismissed the complaint for failure to state a claim. On April 29, 2019, Plaintiff filed a "motion to recuse."

## BACKGROUND

Plaintiff filed a case in New York State Supreme Court, Queens County, against the National Railroad Passenger Corporation (Amtrak) and New Jersey Transit (NJT). In that pleading, Plaintiff alleged that he had been falsely arrested in New York's Pennsylvania Station in 2010. Those defendants removed the matter to the United States District Court for the Eastern District of New York, and it was later dismissed. *See Goodwine v. Nat'l R.R. Passenger Corp.*, No. 12-CV-3882 (E.D.N.Y. July 28, 2014) (granting Defendants' motion to dismiss for failure to prosecute) (*Goodwine I*), No. 14-3412 (2d Cir. Feb. 11, 2015) (dismissing appeal as lacking an arguable basis in law or fact).

On July 21, 2017, Plaintiff filed in *Goodwine I* "an injunction to compel having social, medical, picture, criminal record sealed & deposition nulled." (No. 12-CV-3882, ECF No. 325). The court denied that motion because the case was closed, Plaintiff was seeking relief "far too late," and because some of his claims were "incomprehensible." (*Id.* No. 326).

Thereafter, Plaintiff filed another case against Amtrak and NJT in the Eastern District of New York. In that complaint, Plaintiff alleged that Defendants violated his constitutional rights and caused him emotional distress by obtaining and using his medical information in *Goodwine I*. *See Goodwine v. NJT*, No. 17-CV-4528 (E.D.N.Y. Aug. 9, 2017) (dismissing complaint on *res judicata* grounds because Plaintiff had essentially "recycled" the allegations in the motion for an injunction that he had filed in *Goodwine I*) (*Goodwine II*).

Plaintiff then filed this complaint against NJT and Amtrak, alleging that in *Goodwine I*, Defendants "failed to redact my social [sic] on their documents, unjustifiably posted my medicals without any authorization, submitted misleading statements & committed other immoral wrongs." (ECF. No. 2 at 10.) This Court dismissed the complaint on *res judicata* grounds, because Plaintiff was attempting to raise claims and issues that he had raised or could have raised in *Goodwine I and II*. This motion ensued.

## DISCUSSION

**A.     Motion to Recuse**

A judge is required to recuse herself from "any proceeding in which [her] impartiality might be reasonably questioned." 28 U.S.C. § 455(a). The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted).

By order dated April 15, 2019, the Court dismissed the complaint on *res judicata grounds*. Because Plaintiff fails to allege any facts suggesting that the Court showed any personal bias in rendering that decision, the motion to recuse is denied.

**B.     Motion for Reconsideration**

The Court liberally construes the motion as seeking reconsideration of the dismissal order. The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's (ECF doc. #6) is denied, and the Clerk of Court is directed to terminate it.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's case in this Court under Docket No. 19-CV-2599 is closed. The Court will only accept for filing documents that are directed to the Second Circuit Court of Appeals. If Plaintiff

files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 2, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge